THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Billy O'Bryan | * |
| Plaintiff | * |
| v. | * Civil Action No.: 1:13-cv-00170 |
| EBSCO TeleServices, LLC | * |
| Defendant | * |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED**

Pursuant to L.R. 7.1(a)(2), Defendant EBSCO TeleServices, LLC submits the following memorandum of law which explains why this Court should grant EBSCO's Motion to Dismiss. See Fed. R. Civ. P. 12(b)(6). EBSCO draws the facts below from Plaintiff's complaint and assumes their truth solely for the purposes of this Motion.

**I.     FACTUAL BACKGROUND**

Plaintiff is a natural person who resides in Somersworth, New Hampshire. See Doc. No. 1, p.1, ¶4. "EBSCO is . . . a Delaware business entity headquartered in Canton, Ohio." Id., p.2, ¶6. Plaintiff neither had a business relationship with nor consented to be contacted by EBSCO on his residential telephone. Id., ¶5. Further, Plaintiff's number is on the "national 'do not call' list." Id., ¶10.

"Beginning in or around November 2012, [EBSCO] repeatedly placed solicitation calls to Plaintiff's residential telephone." Id., ¶11. EBSCO utilized an artificial or pre-recorded voice to place these calls to Plaintiff. Id., ¶12. Some of the calls placed to Plaintiff were negligently

1

placed, while some were placed "knowingly and/or willfully." Id., ¶¶16, 21. It is unclear exactly when these calls were placed, or how many calls were placed. See, e.g., id., ¶¶16, 21.

## II.     APPLICABLE LAW

### A.     Rule 12(b)(6) Standard

Any pleading seeking relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a complaint fails to comply with Rule 8's requirements, it may be dismissed for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see, e.g., Hanley, et al v. Green Tree Servicing, LLC, 2013 U.S. Dist. LEXIS 42533, *10 (N.D. Ill. 2013) (dismissing TCPA claim on 12(b)(6) motion).

In assessing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor. See, e.g., Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)("take the complaint's well-pled [i.e., non-conclusory, non-speculative] facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief."). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," Ashcroft, et al v. Igbal, et al, 556 U.S. 662, 678 (U.S. 2009), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In sum, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id.

### B.     Telephonic Consumer Protection Act

Plaintiff seeks statutory damages for "negligent" violations of the TCPA, treble damages for "knowing [] and/or willful []" violations of the TCPA and also "injunctive relief prohibiting

such conduct by [EBSCO] in the future." The three types of relief Plaintiff seeks are governed by different legal standards[1]:

    1.    To support his claim for a negligent violation of the TCPA and statutory damages, Plaintiff must plead facts making it plausible that EBSCO "initiate[d] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B)

    2.    To support his claim for a knowing or willful violation of the TCPA and treble damages, Plaintiff must plead facts making it plausible that EBSCO knowingly or willfully "initiate[d] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B)

    3.    To obtain injunctive relief under the TCPA, Plaintiff must plead facts showing that EBSCO violated the statute and that the injunctive relief will fulfill the TCPA's goals. See, e.g., Minnesota v. Sunbelt Communs. & Mktg., 282 F. Supp. 2d 976, 979 (D. Minn. 2002)("When an injunction is explicitly authorized by statute, proper discretion usually requires its issuance if the prerequisites for the remedy have been demonstrated and the injunction would fulfill the legislative purpose."); see also, e.g., Lynn v. Monarch Recovery Mgmt., 2013 U.S. Dist. LEXIS 41700, *25 (D. Md. 2013)

---

[1] For reasons unclear, Plaintiff's complaint refers to the National Do-Not-Call List and FCC regulations, neither of which has anything to do with the causes of action pleaded.  See, e.g., Adamcik v. Credit Control Servs., 832 F. Supp. 2d 744, 748, n. 12 (W.D. Tex. 2011)

**III.     ARGUMENT**

Plaintiff has not pleaded sufficient facts demonstrating that he is entitled to any of the relief sought.  The Court should grant this Motion and dismiss Plaintiff's case.

   **A.     Negligent Violation of TCPA**

Plaintiff has not pleaded sufficient facts to support a claim for a negligent violation of the TCPA.  Instead, Plaintiff has pleaded only that EBSCO "negligently" placed some unspecified number of "solicitation calls" to Plaintiff using an "artificial or prerecorded voice."  See Doc. No. 1, ¶¶ 12, 16.  Plaintiff has not pleaded when EBSCO called him; how many times EBSCO called; whether EBSCO utilized an artificial or prerecorded voice; or what made these calls "negligent."

Under the standards announced in *Twombly* and *Iqbal*, "[a] complaint must give the defendants notice of the claims and the grounds upon which they rest." Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009).  This Plaintiff has not done so.  A fair reading of Plaintiff's complaint raises more questions than it answers and gives EBSCO little idea as to what kind of case it faces.  See Baczkowski v. N.Y. State Dep't of Corr., 2004 U.S. Dist. LEXIS 12229, *8-9 (W.D.N.Y. 2004)("the defendants cannot be expected to defend against the complaint in its current form because it fails to give them fair notice of the claims against them.")

How many times was Plaintiff called?  What are the potential damages?  Did EBSCO use an "artificial voice" or a "prerecorded voice"?[2]  Why were the calls negligent?  Plaintiff fails to

---

[2] Although the TCPA does not apparently define "artificial voice" or "prerecorded voice," based on the plain meaning of those terms, this Court can safely conclude that the terms carry with them different definitions.  Moreover, if Congress intended "artificial voice" to mean "prerecorded voice," or *vice versa*, it would have included only one, but not the other, in the TCPA.  See, e.g., TRW Inc. v. Andrews, 534 U.S. 19, 31 (U.S. 2001) (noting canon that statutes should be read to avoid making any provision "superfluous, void, or insignificant")

allege detail sufficient to withstand the instant Motion. See, e.g., Emanuel v. Los Angeles Lakers, Inc., 2013 U.S. Dist. LEXIS 58842, *13, n. 3 (C.D. Ca. 2013).

"This case is much ado about nothing[,] [a]t least that is the conclusion that th[is] Court must reach after reviewing [Plaintiff']s wholly inadequate complaint in which next to nothing is pleaded." Hanley, 2013 U.S. Dist. LEXIS 42533, at *9; see also id., at *14-15("Hanley does not plead how many calls Green Tree allegedly made to him in violation of the Act. Nor does Hanley plead when the allegedly offending calls were made. He does not plead when he asked Green Tree to cease calling him nor how he asked. The factual allegations in the complaint represent nothing more than a formulaic recitation of the elements of a cause of action.")(quotation and citation omitted).   Plaintiff has not "nudged [his] claim" of a negligent violation of the TCPA "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.  The Court should grant this motion.

     B.    **Knowing/Willful Violation of TCPA**

Similar pleading problems plague Plaintiff's claim of a "knowing [] and/or willful [] violation" of the TCPA.  Perhaps most importantly, Plaintiff does not even bother to distinguish between which calls were "knowing" and which calls were "willful," even though the Court should assume these words have different definitions. See, e.g., Maryland v. Universal Elections, Inc., 862 F. Supp. 2d 457, 463, n. 7 (D. Md. 2012)(defining willful); Texas v. Am. Blast Fax, Inc., 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001)(defining knowing).[3]

Count II of Plaintiff's complaint is nothing but legal conclusions and bald assertions. Plaintiff does not allege how many times he was called, when he was called, whether he was called by artificial voice or prerecorded voice, or what makes each of these alleged calls knowing

---

[3] As pointed out in footnote 2, the Congress would not have included "willful" and "knowing" in the statute if it intended the words to mean the same thing.

and/or willful.  Further, Plaintiff fails to articulate whether the alleged calls that form the basis for damages in Count II are different calls, or the same calls, that form the basis for Count I.  To the extent Plaintiff claims that the same calls can form the basis for the damages sought in Count I *and* in Count II, he misstates the law.  Indeed, the statute says that a court may "*increase* the amount of the [damages] award" in the case of a knowing or willful violation of the TCPA.  47 U.S.C. § 227(b)(3)(emphasis supplied).  The statute does not say that a knowing or willful violation of the statute allows the Court to make an independent award of damages.  Id.

Plaintiff falls well short of the pleadings standards set forth above, in connection with Count I, and the Court should dismiss Count II as well.

### C. Plaintiff's Request for Injunctive relief fails

Plaintiff twice requests injunctive relief.  See Doc. No. 1 ¶¶19, 24.  But Plaintiff makes no more than a passing request that EBSCO be enjoined.  And, because Plaintiff has failed to plead adequate facts demonstrating a violation of the TCPA, injunctive relief is not warranted.  See, e.g., Lynn, 2013 U.S. Dist. LEXIS 41700, at *25.[4]

## IV. CONCLUSION

As the Seventh Circuit noted in discussing *Twombly* and *Iqbal*, "[i]t is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law."  Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010).  But this Plaintiff has done just that.  He has not passed the threshold from "conceivable to plausible" that *Twombly* requires, and this Court should dismiss his complaint.

---

[4] Plaintiff's complaint also claims he is entitled to a jury trial and attorney's fees.  The TCPA appears to provide for neither.  Although, assuming the Court grants this Motion, these claims would necessarily fail, EBSCO reserves the right to challenge these claims in the event the instant Motion is not granted.

Respectfully submitted,<br>
**EBSCO TELESERVICES, LLC**<br>
By and through its Attorneys,<br>
WADLEIGH, STARR & PETERS, P.L.L.C.

Date: June 27, 2013          By: /s/ Marc R. Scheer
                                             Marc R. Scheer, NHBA#2266
                                             Joseph G. Mattson, NHBA#19287
                                             95 Market Street
                                             Manchester, NH 03101
                                             (603) 669-4140

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has, this date, been forwarded to James D. Kelly, Esquire ECF.

                                                              /s/ Marc R. Scheer
                                                              Marc R. Scheer

g:\d51500\51723\pleadings\memo of law.docx