UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Billy O'Bryan,<br><br>    Plaintiff,<br><br>v.<br><br>EBSCO TeleServices, LLC,<br><br>    Defendant. | Civil Action No.: 1:13-cv-00170<br><br><br>**FIRST AMENDED COMPLAINT** |

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff, Billy O'Bryan, by undersigned counsel, submits his First Amended Complaint as follows:

## INTRODUCTION

1. Plaintiff, Billy O'Bryan ("Plaintiff"), brings this action for damages resulting from the illegal actions of EBSCO TeleServices, LLC ("EBSCO" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed telemarketing calls using a prerecorded voice to Plaintiff, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides within the District of New Hampshire, a substantial portion of the events or omissions giving rise to the case occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

4.     Plaintiff is, and at all times mentioned herein was, an adult individual residing in Somersworth, New Hampshire.

5.     Plaintiff has never had a business relationship with EBSCO and never consented to be contacted by EBSCO on his residential telephone.

6.     EBSCO is, and at all times mentioned herein was, a Delaware business entity headquartered in Canton, Ohio.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

7.     47 U.S.C. § 227(b)(1)(B) prohibits "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes."

8.     In addition, a private right of action for "do not call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC. 47 U.S.C. § 227(c)(5).

9.     47 C.F.R. 64.1200(c)(2) provides that "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10.     On or about August 9, 2012, Plaintiff placed his residential telephone number [(603) 692-xxxx] on the national "do not call" list.

11. Thereafter, Defendant began placing solicitation calls to Plaintiff's residential telephone number.

12. In or around November 2012, Plaintiff was receiving daily solicitation calls from Defendant on his residential telephone number.

13. On several occasions, Plaintiff received four to five calls from Defendant in one day. In addition, Plaintiff received several calls from Defendant late at night.

14. Each of the aforementioned calls contained artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(B).

15. Defendant did not have prior express consent to place solicitation calls using an artificial or prerecorded voice to Plaintiff's residential telephone number.

16. Defendant's calls to Plaintiff's residential telephone were not for "emergency purposes."

## COUNT I
## Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

17. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

18. Defendant negligently used artificial or prerecorded voices to deliver messages to the Plaintiff on his residential telephone line without first obtaining his prior express consent.

19. Each of those calls by Defendant constitutes a negligent violation of the TCPA.

20. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendant in the future.

**COUNT II**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227,** *et seq.*

22.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

23.     Defendant knowingly and/or willfully used artificial or prerecorded voices to deliver messages to the Plaintiff on his residential telephone line without first obtaining his prior express consent.

24.     Each of those calls by Defendant constitutes a knowing and/or willful violation of the TCPA. EBSCO has undeniable reason to know that their conduct violated the TCPA because their website states in numerous places that EBSCO staff are "well trained" or "highly trained" and one can safely infer that EBSCO has knowledge of the laws that govern its area of expertise including the TCPA. The following excerpts or taken from the EBSCO Website http://www.call-ets.com.

> "More than a call center, EBSCO Teleservices (ETS) is a leading telemarketing company dedicated to your company's growth. ETS has 30 years of expertise as a strategic partner in business-to-consumer and business-to-business outbound calling programs. We also provide telemarketing expertise for a variety of business needs including lead generation, market research, surveys and more."
>
> "Whether we are implementing a renewal effort, an acquisition campaign or are focused on increasing your paid or digital segments – you can count on a top-quality, well-trained team with the experience to handle your needs."
>
> "**Highly Trained Call Center Professionals**"
>
> "As a full-service telemarketing resource, we have unrivaled service capabilities and highly trained outbound marketing professionals for your telesales telemarketing needs. Our call center team provides actionable data and recommendations by communicating immediate feedback via customized reports and personalized project updates."

### "Customized Scripts and Digital Recording"

"To help you maximize each point of client contact, we develop customized scripts that target your audience more effectively. Digital recordings of each call are easy to maintain, last for years, and easy to retrieve."

As these examples from the defendant's website further illustrate, it is EBSCO's job to know how to engage in telemarketing. EBSCO has reason to know that that they should adhere the rules governing telephone communications including those communications to people who have registered for the "Do Not Call" registry. EBSCO willfully violated the TCPA if they made communications to someone on the "Do Not Call" registry, and either did not check the registry to see if this plaintiff's number was there, or made the calls despite knowing that the number was on the registry. Furthermore, the plaintiff and EBSCO did not have an existing relationship that would warrant the communications made by EBSCO.

25. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to a base statutory award of $500 trebled to up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

26. Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendant in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. An award of attorney's fees and costs to counsel for Plaintiff; and

5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 10, 2013

                              Respectfully submitted,

                              By: ___/s/ James D. Kelly_____

James D. Kelly, Esq. (BNH 16177)
Kelly Law PLLC
P.O. Box 3086
Nashua, NH 03060
(603) 809-4230

**Of Counsel to**
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
(203) 653-2250

## **CERTIFICATE OF SERVICE**

  **THIS IS TO CERTIFY** that, on July 10, 2013, a copy of the foregoing First Amended Complaint was filed via the CM/ECF system for the District of New Hampshire, which sent notice of such filing to the following:

Marc R. Scheer, Esq.
Wadleigh Starr & Peters PLLC
95 Market St
Manchester, NH 03101
603 669-4140

               *James D. Kelly*
               James D. Kelly, Esq.