THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Billy O'Bryan | * |
| Plaintiff | * |
| v. | * Civil Action No.: 1:13-cv-00170 |
| EBSCO TeleServices, LLC | * |
| Defendant | * |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT FOR A LACK OF SUBJECT MATTER
JURISDICTION OR, IN THE ALTERNATIVE, FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

NOW COMES Defendant EBSCO TeleServices, LLC, by and through its attorneys, Wadleigh, Starr & Peters, P.L.L.C., and moves to dismiss Plaintiff's First Amended Complaint, and in support thereof states as follows:

1. Plaintiff's First Amended Complaint still fails to state a claim upon which relief can be granted and, more importantly, this Court lacks subject matter jurisdiction to hear Plaintiff's claims under the Telephone Consumer Protection Act of 1991. For either reason, this Court should dismiss Plaintiff's case. See Fed. R. Civ. P. 12(b)(1); 12(b)(6).

2. Plaintiff is not the "called party." See, e.g., Leyse v. Bank of America, N.A., 2010 U.S. Dist. LEXIS 58461, *7-8 (S.D.N.Y. 2010), for purposes of a TCPA claim.

3. Therefore, he lacks standing to bring this case and this Court lacks subject matter jurisdiction to hear it. See id., at 8; see also, e.g., Kopff, et al v. World Research Group, LLC, et al, 568 F.Supp. 2d 39, 42 (D.D.C. 2008).

1

4.     Alternatively, Plaintiff's complaint fails to state a claim upon which relief can be granted and this Court should dismiss it.

5.     Plaintiff's complaint contains nothing but legal "'labels and conclusions'" and a "'formulaic recitation of the elements of a cause of action'" for alleged violations of the TCPA. <u>Ashcroft, et al v. Igbal, et al</u>, 556 U.S. 662, 678 (U.S. 2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (U.S. 2007)).

6.     In short, Plaintiff's complaint is nothing but "an unadorned, the-defendant-unlawfully harmed me accusation," <u>Ashcroft</u>, 556 U.S. at 678, and thus does not comply with the Federal Rules' mandate that Plaintiff plead "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

7.     Plaintiff's complaint fails "to state a claim upon which relief can be granted" and this Court should dismiss it. Fed. R. Civ. P. 12(b)(6); <u>see</u>, <u>e.g.</u>, <u>Hanley, et al v. Green Tree Servicing, et al</u>, 2013 U.S. Dist. LEXIS 42533, *10 (N.D. Ill. 2013) (granting 12(b)(6) motion in TCPA case where plaintiff offered "wholly inadequate complaint in which next to nothing is pleaded").

8.     EBSCO explains its entitlement to dismissal in the attached memorandum of law. <u>See</u> L.R. 7.1(a)(2). EBSCO did not seek Plaintiff's "concurrence in the relief sought" because this Motion is dispositive. <u>See</u> L.R. 7.1(c).

WHEREFORE, EBSCO respectfully requests, for the above reasons and for the reasons set forth in the attached memorandum of law, that this Court:

A.     Grant this Motion; and

B.     Dismiss Plaintiff's First Amended Complaint.

Respectfully submitted,

**EBSCO TELESERVICES, LLC**

By and through its Attorneys,

WADLEIGH, STARR & PETERS, P.L.L.C.

Date: August 1, 2013　　　　　　　　By: /s/ Marc R. Scheer
　　　　　　　　　　　　　　　　　　　Marc R. Scheer, NHBA#2266
　　　　　　　　　　　　　　　　　　　Joseph G. Mattson, NHBA#19287
　　　　　　　　　　　　　　　　　　　95 Market Street
　　　　　　　　　　　　　　　　　　　Manchester, NH  03101
　　　　　　　　　　　　　　　　　　　(603) 669-4140

**CERTIFICATE OF SERVICE**

　　　I hereby certify that a copy of the foregoing document has, this date, been forwarded to James D. Kelly, Esquire via ECF.

　　　　　　　　　　　　　　　　　　　/s/ Marc R. Scheer
　　　　　　　　　　　　　　　　　　　Marc R. Scheer

g:\d51500\51723\pleadings\motion to dismiss.docx