THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| Billy O'Bryan | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No.: 1:13-cv-00170 |
| | * | |
| EBSCO TeleServices, LLC | * | |
| | * | |
| Defendant | * | |
| | * | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR A LACK OF SUBJECT MATTER JURISDICTION AND, IN THE
ALTERNATIVE, FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
GRANTED**

Pursuant to L.R. 7.1(a)(2), Defendant EBSCO TeleServices, LLC submits the following memorandum of law which explains why this Court should grant EBSCO's Motion to Dismiss. See Fed. R. Civ. P. 12(b)(1); 12(b)(6).

**I.   FACTUAL BACKGROUND**

Plaintiff makes the following factual allegations in his first amended complaint. He is a natural person who resides in Somersworth, New Hampshire. See Doc. No. 8, ¶4. "EBSCO is . . . a Delaware business entity headquartered in Canton, Ohio." Id.,¶6. Plaintiff neither had a business relationship with nor consented to be contacted by EBSCO on his residential telephone. Id., ¶5. Further, Plaintiff's number is on the "national 'do not call' list." Id., ¶10.

"[After August 2012] [EBSCO] began placing solicitation calls to Plaintiff's residential telephone." Id., ¶11. Starting in approximately November 2012, "Plaintiff was receiving daily solicitation calls from [EBSCO]." Id, ¶12. "On several occasions," EBSCO placed "four to five

1

calls" to Plaintiff in a single day.  Id., ¶13.  EBSCO utilized an artificial or pre-recorded voice to place these calls to Plaintiff, and some calls were placed "late at night." Id., ¶14.  Some of the calls placed to Plaintiff were negligently placed, while some were placed "knowingly and/or willfully."  Id., ¶¶19, 23.  The first Amended Complaint does not specify exactly when these calls were placed, or exactly how many calls were placed.  See, e.g., id., ¶¶12, 13.

Plaintiff's first Amended Complaint added very few specific facts.  Beyond what the original complaint had included, Plaintiff could only muster that "four or five calls" a day were placed, his partial phone number, and the fact that some phone calls were placed "late at night."  Plaintiff also added some allegations purportedly on EBSCO's website.

## II. APPLICABLE LAW

### A. Standing and Subject Matter Jurisdiction

A plaintiff must have standing to pursue a cause of action, and if he does not, the Court lacks subject matter jurisdiction.  See, e.g., United Seniors Ass'n v. Phillip Morris USA, 500 F.3d 19, 23 (1st Cir. 2007).  In a TCPA case, only "[t]he 'called party' has standing to bring suit against a person or entity that violates the TCPA."  Leyse v. Bank of America, N.A., 2010 U.S. Dist. LEXIS 58461, *9 (S.D.N.Y. 2010); see Fed. R. Civ. P. 12(b)(1).  A party may raise the lack of subject matter jurisdiction at any time. Fed. R. Civ. P. 12(h)(3).

In addressing a 12(b)(1) Motion, the Court may consider documents and evidence, including affidavits, beyond the complaint, including "those materials[that] contradict the allegations in the complaint." Downing/Salt Pond Partners, L.P. v. Rhode Island, 643 F.3d 16, 17 (1st Cir. 2011); see, e.g., Aguilar v. United States Immigration & Customs Enforcement Div. of the Dep't of Homeland Sec., 510 F.3d 1 (1st Cir. 2007)("Where, however, those facts [in the complaint] are illuminated, supplemented, or even contradicted by other materials in the district court record, we need not confine our jurisdictional inquiry to the pleadings, but may consider those other materials.");

Gonzalez v. United States, 284 F.3d 28, 288 (1st Cir. 2002)("The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion…[the Court] may consider such materials on a Rule 12(b)(1) motion, such as the one in this case."); White v. Commissioner, 899 F. Supp. 767, 771 (D. Mass. 1995)("a court is not bound by the allegations in the pleadings when considering motions to dismiss for lack of subject matter jurisdiction brought under Rule 12(b)(1). The Court can look beyond the pleadings – to affidavits and depositions – in order to determine jurisdiction.")

### B.  Rule 12(b)(6) Standard

Any pleading seeking relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  If a complaint fails to comply with Rule 8's requirements, it may be dismissed for failing to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see, e.g., Hanley, et al v. Green Tree Servicing, LLC, 2013 U.S. Dist. LEXIS 42533, *10 (N.D. Ill. 2013) (dismissing TCPA claim on 12(b)(6) motion).

In assessing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor. See, e.g., Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)("take the complaint's well-pled [i.e., non-conclusory, non-speculative] facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.").  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," Ashcroft, et al v. Igbal, et al, 556 U.S. 662, 678 (U.S. 2009), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Further, in addressing a 12(b)(6) motion, this Court is not "required . . . to draw unreasonable inferences." E.g., Brown v. Medtronic, Inc.., 628 F.3d 451, 461 (8th Cir. 2010).

In sum, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft, 556 U.S. at 678.

### C. Telephonic Consumer Protection Act

Plaintiff seeks statutory damages for "negligent" violations of the TCPA, treble damages for "knowing [] and/or willful []" violations of the TCPA and also "injunctive relief prohibiting such conduct by [EBSCO] in the future." The three types of relief Plaintiff seeks are governed by different legal standards:[1]

    1.    To support his claim for a negligent violation of the TCPA and statutory damages, Plaintiff must plead facts making it plausible that EBSCO "initiate[d] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B)

    2.    To support his claim for a knowing or willful violation of the TCPA and treble damages, Plaintiff must plead facts making it plausible that EBSCO knowingly or willfully "initiate[d] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

    3.    To obtain injunctive relief under the TCPA, Plaintiff must plead facts showing that EBSCO violated the statute and that the injunctive relief will fulfill the TCPA's goals. See, e.g., Minnesota v. Sunbelt Communs. & Mktg., 282 F. Supp. 2d 976, 979 (D. Minn. 2002)("When an injunction is explicitly authorized by statute, proper discretion usually requires its issuance if the prerequisites for the remedy have been demonstrated and the injunction would

---

[1] For reasons unclear, Plaintiff's complaint refers to the National Do-Not-Call List, which has nothing to do with the causes of action pleaded. See, e.g., Adamcik v. Credit Control Servs., 832 F. Supp. 2d 744, 748, n. 12 (W.D. Tex. 2011); see also, e.g., 47 U.S.C. §277(c)(5).

fulfill the legislative purpose."); see also, e.g., Lynn v. Monarch Recovery Mgmt., 2013 U.S. Dist. LEXIS 41700, *25 (D. Md. 2013).

**Argument**

This Court should dismiss Plaintiff's First Amended Complaint because he lacks standing to pursue a TCPA claim and, therefore, this Court lacks subject matter jurisdiction. Alternatively, this Court should dismiss Plaintiff's First Amended Complaint because—despite Plaintiff's decision to amend—he has still not pleaded facts sufficient to state a claim upon which relief can be granted.

### III. PLAINTIFF LACKS STANDING TO PURSUE THIS CASE

Plaintiff lacks standing and this case must be dismissed for a lack of subject matter jurisdiction. See Leyse, 2010 U.S. Dist. LEXIS 58461 at *9; Kopff, et al v. World Research Group, LLC, et al, 568 F.Supp. 2d 39, 42 (D.D.C. 2008). Only the "called party" may bring a TCPA claim. See id. For purposes of the TCPA, the "called party" is the person the entity making the call intended to reach, because "[t]o find otherwise would mean that a business could be liable to any individual who answers the phone, despite the fact that the business only intended to call one person." Leyse, 2010 U.S. Dist. LEXIS 58461, *15-16.

In *Leyse*, Bank of America called the plaintiff's roommate, with whom it had a business relationship. However, the plaintiff, not his roommate, picked up the phone. In granting Bank of America's Rule 12(b)(1) motion, the court noted that "[t]he uncontroverted evidence shows that…[the bank] associated the phone number with [the roommate], not with [the plaintiff]." 2010 U.S. Dist. LEXIS 58461, *11. "To the extent that [the plaintiff] picked up the phone, he was an unintended and accidental recipient of the call." Id.

5

This Court should apply the Southern District of New York's reasoning in Leyse. EBSCO had a preexisting business relationship with Plaintiff's deceased wife, by virtue of a contract EBSCO had with CK Media that published Creative Machine Embroidery, the magazine to which Mrs. O'Bryan subscribed. See Affidavit of Mike Powers, Ex. 1, ¶ 3. This relationship permitted EBSCO to make the calls at issue. Id. The calls at issue were intended for Plaintiff's deceased wife, not for Plaintiff. Id., ¶¶ 5-6. EBSCO did not intend to contact Plaintiff. Id. Thus, he was not the "called party" and has no standing to bring this action.

## IV.   ALTERNATIVELY, PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Alternatively, Plaintiff has not pleaded sufficient facts demonstrating that he is entitled to any of the relief sought. The Court should grant this Motion and dismiss Plaintiff's case.

### A.   Negligent Violation of TCPA

Plaintiff's Amended Complaint does not include sufficient facts to support a claim for a negligent violation of the TCPA. Instead, Plaintiff has still pleaded only that EBSCO "negligently" placed some unspecified number of "solicitation calls" to Plaintiff using an "artificial or prerecorded voice." See Doc. No. 8, ¶¶ 12, 13. Plaintiff has not pleaded when EBSCO called him; how many times EBSCO called; whether EBSCO utilized an artificial or prerecorded voice; or what made these calls "negligent."

Under the standards announced in Twombly and Iqbal, "[a] complaint must give the defendants notice of the claims and the grounds upon which they rest." Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009). This Plaintiff has not done so. A fair reading of Plaintiff's Amended Complaint raises more questions than it answers and gives EBSCO little idea as to what kind of case it faces. See Baczkowski v. N.Y. State Dep't of Corr., 2004 U.S. Dist. LEXIS 12229, *8-9 (W.D.N.Y. 2004)("the defendants cannot be expected to defend against

6

the complaint in its current form because it fails to give them fair notice of the claims against them.")

What are the potential damages? Did EBSCO use an "artificial voice" or a "prerecorded voice"?[2] Why were the calls negligent? Plaintiff fails to allege detail sufficient to withstand the instant Motion. See, e.g., Emanuel v. Los Angeles Lakers, Inc., 2013 U.S. Dist. LEXIS 58842, *13, n. 3 (C.D. Ca. 2013). Plaintiff does reference that certain calls were placed "late at night," but the only TCPA provision referencing time of day, 47 C.F.R. § 64.1200(c)(1), applies only to violations of 42 U.S.C. § 227(c)(5), and Plaintiff has sought damages for alleged violations of 47 U.S.C. § 227(b). Thus, any allegations relating to time of day are irrelevant.

Similarly, Plaintiff's allegation that "four or five" calls were placed on some days is irrelevant to whether he has stated a claim under § 227(b). Although the number of calls is relevant to whether a party has violated § 227(c) and its implementing regulations, the cause of action Plaintiff has attempted to plead, § 227(b) and the regulations promulgated thereunder, forbids only a call without a pre-existing business relationship and nothing more. Hence, Plaintiff's allegation that "four to five" calls were placed on some days does not help his attempt to state a claim upon which relief can be granted.[3]

"This case is much ado about nothing[,] [a]t least that is the conclusion that th[is] Court must reach after reviewing [Plaintiff']s wholly inadequate complaint in which next to nothing is pleaded." Hanley, 2013 U.S. Dist. LEXIS 42533, at *9; see also id., at *14-15("Hanley does not

---

[2] Although the TCPA does not apparently define "artificial voice" or "prerecorded voice," based on the plain meaning of those terms, this Court can safely conclude that the terms carry with them different definitions. Moreover, if Congress intended "artificial voice" to mean "prerecorded voice," or *vice versa*, it would have included only one, but not the other, in the TCPA. See, e.g., TRW Inc. v. Andrews, 534 U.S. 19, 31 (U.S. 2001) (noting canon that statutes should be read to avoid making any provision "superfluous, void, or insignificant")

[3] EBSCO concedes that the allegation of how many calls were made is theoretically relevant to calculating statutory damages, but that has nothing to do with whether Plaintiff has stated a cause of action under Rule 12(b)(6).

plead how many calls Green Tree allegedly made to him in violation of the Act. Nor does Hanley plead when the allegedly offending calls were made. He does not plead when he asked Green Tree to cease calling him nor how he asked. The factual allegations in the complaint represent nothing more than a formulaic recitation of the elements of a cause of action.")(quotation and citation omitted).  Plaintiff has not "nudged [his] claim" of a negligent violation of the TCPA "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.  The Court should grant this motion.

      **B.    Knowing/Willful Violation of TCPA**

Similar pleading problems plague Plaintiff's claim of a "knowing [] and/or willful [] violation" of the TCPA.  Perhaps most importantly, Plaintiff does not even bother to distinguish between which calls were "knowing" and which calls were "willful," even though the Court should assume these words have different definitions. See, e.g., Maryland v. Universal Elections, Inc., 862 F. Supp. 2d 457, 463, n. 7 (D. Md. 2012)(defining willful); Texas v. Am. Blast Fax, Inc., 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001)(defining knowing).[4]

Count II of Plaintiff's complaint is nothing but legal conclusions and bald assertions. Plaintiff does not allege how many times he was called, when he was called, whether he was called by artificial voice or prerecorded voice, or what makes each of these alleged calls knowing and/or willful.  EBSCO acknowledges that Plaintiff's complaint now includes certain excerpts from its website regarding EBSCO's skill and experience in the *business* of telemarketing.  What is conspicuously absent from the quotations Plaintiff provides is any indication that EBSCO professes to be well-versed or otherwise knowledgeable in the *law* of telemarketing.  EBSCO agrees that this Court must draw all reasonable inferences in Plaintiff's favor, but Plaintiff asks

---

[4] As pointed out in footnote 2, the Congress would not have included "willful" and "knowing" in the statute if it intended the words to mean the same thing.

for an unreasonable inference when he asks the Court to conclude that because EBSCO holds itself out as an expert in the business of telemarketing, it must be an expert in the law of telemarketing. See, e.g., O'Laughlin v. O'Brien, 568 F.3d 287, 307 (1st Cir. 2009)( "a 'reasonable' inference is one that is supported by a chain of logic, rather than, as in this case, mere speculation dressed up in the guise of evidence"). The business of telemarketing and the law governing telemarketing share an obvious common thread, but so do neurosurgery and general surgery, and this Court could never "reasonably" infer that because a doctor held himself out as an expert in general surgery that he was also an expert in neurosurgery.

Because the additional factual allegations in Plaintiff's first amended complaint about EBSCO's website do not allow this Court to reasonably infer that EBSCO knowingly, and/or willfully, violated the TCPA, Plaintiff has not cured the deficiencies of his original complaint, and Count II should be dismissed.

Further, Plaintiff fails to articulate whether the alleged calls that form the basis for damages in Count II are different calls, or the same calls, that form the basis for Count I. To the extent Plaintiff claims that the same calls can form the basis for the damages sought in Count I *and* in Count II, he misstates the law. Indeed, the statute says that a court may "*increase* the amount of the [damages] award" in the case of a knowing or willful violation of the TCPA. 47 U.S.C. § 227(b)(3)(emphasis supplied). The statute does not say that a knowing or willful violation of the statute allows the Court to make an independent award of damages. Id.

Plaintiff falls well short of the pleadings standards set forth above, in connection with Count I, and the Court should dismiss Count II as well.

### C. Plaintiff's Request for Injunctive relief fails

Plaintiff twice requests injunctive relief. <u>See</u> Doc. No. 1 ¶¶19, 24. But Plaintiff makes no more than a passing request that EBSCO be enjoined. And, because Plaintiff has failed to plead adequate facts demonstrating a violation of the TCPA, injunctive relief is not warranted. <u>See</u>, <u>e.g.</u>, <u>Lynn</u>, 2013 U.S. Dist. LEXIS 41700, at *25.[5]

## IV. CONCLUSION

Plaintiff's claims are fatally defective for two reasons: a) he lacks standings to pursue them; and b) his complaint lacks sufficient well-pleaded facts to state a claim. For either reason, this Court should dismiss Plaintiff's first amended complaint.

Respectfully submitted,
**EBSCO TELESERVICES, LLC**
By and through its Attorneys,
WADLEIGH, STARR & PETERS, P.L.L.C.

Date: August 1, 2013

By: /s/ Marc R. Scheer
Marc R. Scheer, NHBA#2266
Joseph G. Mattson, NHBA#19287
95 Market Street
Manchester, NH 03101
(603) 669-4140

---

[5] Plaintiff's complaint also claims he is entitled to a jury trial and attorney's fees. The TCPA appears to provide for neither. Although, assuming the Court grants this Motion, these claims would necessarily fail, EBSCO reserves the right to challenge these claims in the event the instant Motion is not granted.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document has, this date, been forwarded to James D. Kelly, Esquire ECF.

                                                                     <u>/s/ Marc R. Scheer</u>
                                                                     Marc R. Scheer

g:\d51500\51723\pleadings\memo of law.docx